IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **HAWAII CARPENTERS TRUST FUNDS**, (*Health & Welfare Fund*) by its trustees Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Daniel Tom, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Melvin Fujii, Clifford Resacio, Russsell Young and Keith Hirota; *Apprenticeship & Training Fund* by its trustees James Ramirez, Russell Ogata, Conrad Murashige, Robert Donle, Angela Chinen, Dante Agra, Ron Taketa, Sidney Shimokawa, Dean Takahashi and Russell Hiranaka; *Vacation & Holiday Fund* by its trustees James Watanabe, James Ramirez, Gerard Sakamoto, Paul Sasaki, Jiggs Tamashiro, Mark Erwin, Michael Spain, Jr., Rockwell Rogers, Jr., Curtis Kern, Patrick Borge, Sr. and Lloyd Kupau, Jr.; *Market Recovery Program* by its trustees Edmund Aczon, Thalia Choy, Steven Hidano, Claude Matsumoto, Gerard Sakamoto, Albert Belliveau, Michael Spain, Jr., Ronald Taketa, Glenn Young and Jason Orita; *Financial Security Fund* | CIVIL NO. CV02-00425 DAE BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

37461.1

```
by its trustees Kenneth          )
Sakurai, Gordon L. Scruton,      )
James Watanabe, Conrad           )
Murashige, Lance Wilhelm,        )
Brian Hedge, Rockwell Rogers,    )
Jr., Bruce Soileau, Ronald       )
Taketa, Tim McCormack,           )
Kenneth Spence, Jack Reeves      )
and Ralph Yackley),              )
                                 )
              Plaintiffs,        )
                                 )
    vs.                          )
                                 )
DYNAMIC INTERIORS, INC., a       )
Hawaii corporation,              )
                                 )
              Defendant.         )
_____)
```

## MEMORANDUM IN SUPPORT OF MOTION

I.   FACTUAL STATEMENT

On July 10, 2002, Hawaii Carpenters Trust Funds ("HCTF") filed a Complaint (the "Complaint") against the above named Defendant. See attached Exhibit "1" to the Declaration of David J. Minkin. A certified copy of the Complaint was served upon Defendant DYNAMIC INTERIORS, INC. (hereinafter "Dynamic") on July 12, 2002. See Return and Acknowledgment of Service,

attached hereto as Exhibit "2" to the Declaration of David J. Minkin. Upon service of the Complaint, Defendant Dynamic failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. See Declaration of David J. Minkin at ¶¶ 6 and 7. Thereafter, on January 9, 2003, HCTF requested that default be entered as to Defendant Dynamic, and on that same day, the Clerk of the Court made an Entry of Default. See Plaintiff's Ex Parte Request to Clerk for Entry of Default of Defendant filed January 9, 2003, attached hereto as Exhibit "3" to the Declaration of David J. Minkin. In the Complaint, Plaintiffs sought the monetary damages based on audits, together with liquidated damages and additional interest until judgment. After review of the audits, for purposes of this Motion, the correct outstanding amount due is $113,434.27. To date, HCTF has incurred attorneys' fees and costs in the amount of $9,567.91 in the prosecution of the above-entitled matter.[1] See Exhibit "5" to the Declaration of David J. Minkin.

---

[1] Plaintiffs will be seeking an additional attorney time for the drafting of this motion, attendance at the hearing thereon and finalization of the order and judgment as follows: 2.0 hours of

II. <u>DISCUSSION</u>

Upon the failure of a party, against whom a judgment for affirmative relief is sought, "to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1).

Here, all three criteria from Rule 55(b)(1) are comfortably met.  First, computation of the amount due is certain.[2]  Second, Defendant Dynamic failed to answer or otherwise plead in response to a certified copy of the Complaint that HCTF duly served upon

---

attorney time and 1.5 hours of legal assistant time.
   [2] One Hundred Thirteen Thousand Four Hundred Thirty Four Dollars and 27/100 ($113,434.27), inclusive of liquidated damages, audit fees and interest (*See* Exhibit "4"), with attorneys' fees in the amount of $8,644.50 plus general excise tax of $359.61, and costs

them. Default was entered against Defendant Dynamic by the Clerk of the Court. Third, Defendant is not an infant or incompetent person. Accordingly, HCTF is entitled to entry of default judgment against Defendant Dynamic.

### III. CONCLUSION

For all of the aforementioned reasons, HCTF respectfully requests that the Court grant its Motion for Entry of Default Judgment Against Defendant Dynamic in the amount of One Hundred Thirteen Thousand Four Hundred Thirty Four Dollars and 27/100 ($113,434.27), inclusive of liquidated damages, audit fees and interest with interest following judgment at a per annum rate of twelve percent (12%) based on the CBA until satisfaction of judgment, and attorneys' fees in the amount of $8,644.50 plus general excise tax of $359.61, and costs in the amount of $563.80 to date, with an additional amount of attorneys' fees totaling $415.00, plus general excise tax of $17.26 for the drafting of this motion, attendance at the hearing for this motion and finalization of the order and judgment thereafter.

---

in the amount of $563.80 to date (*See* Exhibit "5").

DATED: Honolulu, Hawaii, March 1, 2006.

    /s/ David J. Minkin
DAVID J. MINKIN
LISA W. CATALDO

Attorneys for Plaintiff
HAWAII CARPENTERS TRUST FUNDS