IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **HAWAII CARPENTERS TRUST FUNDS**, (*Health & Welfare Fund*) by its trustees Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Daniel Tom, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Melvin Fujii, Clifford Resacio, Russsell Young and Keith Hirota; *Apprenticeship & Training Fund* by its trustees James Ramirez, Russell Ogata, Conrad Murashige, Robert Donle, Angela Chinen, Dante Agra, Ron Taketa, Sidney Shimokawa, Dean Takahashi and Russell Hiranaka; *Vacation & Holiday Fund* by its trustees James Watanabe, James Ramirez, Gerard Sakamoto, Paul Sasaki, Jiggs Tamashiro, Mark Erwin, Michael Spain, Jr., Rockwell Rogers, Jr., Curtis Kern, Patrick Borge, Sr. and Lloyd Kupau, Jr.; *Market Recovery Program* by its trustees Edmund Aczon, Thalia Choy, Steven Hidano, Claude Matsumoto, Gerard Sakamoto, Albert Belliveau, Michael Spain, Jr., Ronald Taketa, Glenn Young and Jason Orita; *Financial Security Fund* | CIVIL NO. CV02-00425 DAE BMK<br><br>DECLARATION OF DAVID J. MINKIN; EXHIBITS "1" - "5" |

37461.1

by its trustees Kenneth )
Sakurai, Gordon L. Scruton, )
James Watanabe, Conrad )
Murashige, Lance Wilhelm, )
Brian Hedge, Rockwell Rogers, )
Jr., Bruce Soileau, Ronald )
Taketa, Tim McCormack, )
Kenneth Spence, Jack Reeves )
and Ralph Yackley), )
                                            )
           Plaintiffs, )
                                            )
vs. )
                                            )
**DYNAMIC INTERIORS, INC.**, a )
Hawaii corporation, )
                                            )
           Defendant. )
_____ )

## DECLARATION OF DAVID J. MINKIN

David J. Minkin, hereby declares as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner with the firm of McCorriston Miller Mukai MacKinnon LLP, counsel for Plaintiff Hawaii Carpenters Trust Funds ("HCTF") in the above-entitled matter.

2. I have personal knowledge of the matters set forth and am competent to testify thereto.

3. Attached hereto as Exhibit "1" is a true and correct copy of the Complaint filed in the above-entitled matter.

4. The Complaint and Summons in this action was served upon Defendant Dynamic Interiors in accordance with Rule 4 of the Federal Rules of Civil Procedure, and Hawaii Revised Statutes §§ 634-35 and 36 on July 12, 2002. A true and correct copy of the Return and Acknowledgment of Service is attached hereto as Exhibit "2".

5. In accordance with Rule 12(a) of the Federal Rules of Civil Procedure, and Hawaii Revised Statutes §§ 634-35 and 36, Defendant Dynamic Interiors, Inc.'s Answer or other response to the Complaint was due on or before August 1, 2002.

6. Defendant Dynamic Interiors, Inc. did not answer nor otherwise respond to the Complaint, and the time to answer was not extended.

7. HCTF filed a Request for Entry of Default as to Defendant Dynamic Interiors, Inc., which was granted by the Court on January 9, 2003. A true and correct copy of the Request For

Entry of Default entered on January 9, 2003 is attached hereto as Exhibit "3".

8. The amount owed to HCTF is $113,434.27, inclusive of liquidated damages, audit fees and interest with interest following judgment at a per annum rate of twelve percent (12%) based on the CBA until satisfaction of judgment and is reflected in the amortization table attached hereto as Exhibit "4".

9. To date, HCTF has incurred attorneys' fees in the amount of $8,644.50 plus general excise tax of $359.61, and costs in the amount of $563.80 in prosecuting this action.

10. Declarant anticipates that HCTF will incur an additional 2.0 hours of attorney time and 1.5 hours of legal assistant time in the drafting of this motion, attendance at the hearing thereon and the preparation of the order and judgment thereafter.

11. The rate charged to HCTF in this case is the reduced rate charged in collection litigation matters that McCorriston Miller Mukai MacKinnon handles.

12. Two attorneys from McCorriston Miller Mukai MacKinnon represented HCTF in this matter; Declarant and Lorraine H. Akiba.

13. Diane M. Steiger and Karen Saguibo, legal assistants from McCorriston Miller Mukai MacKinnon, also worked on this matter.

14. Declarant was admitted to the Hawaii bar and the United States District Court for the District of Hawaii in 1984, and the United States Court of Appeals for the Ninth Circuit in 1996.

15. Declarant joined McCorriston Miller Mukai MacKinnon as counsel in 1995, and became a litigation partner in June 1996.

16. Declarant's current practice focuses on civil and commercial litigation, products liability, insurance defense, civil rights, collections, criminal, health care, legal malpractice and torts.

17. Declarant worked at the Department of the Prosecuting Attorney of the City and County of Honolulu in Hawaii from 1984 to 1994, specializing in career criminal, sexual assault

and homicide cases, with extensive criminal jury trial experience in which he was lead counsel.

18.  Declarant's billing rate is $170.00 per hour.

19.  Lorraine H. Akiba was admitted to the Hawaii bar and the United States District Court for the District of Hawaii in 1981, and the United States Court of Appeals for the Ninth Circuit in 1981.

20.  Ms. Akiba joined the law firm of McCorriston Miller Mukai MacKinnon as a partner in 2000.

21.  Ms. Akiba's current practice focuses on commercial litigation, environmental law and litigation, products liability, insurance defense, collections, and real estate.

22.  Ms. Akiba was a litigation partner at the law firm of Cades Schutte Fleming and Wright until 1995 and also served as State of Hawaii Director of Labor and Industrial Relations from 1995 - 2000.

23.  Ms. Akiba's billing rate is $170.00 per hour.

24. Diane M. Steiger has been a legal assistant with McCorriston Miller Mukai MacKinnon for the past three (3) years after having been a legal assistant in Maryland for eleven (11) years.

25. Karen Saguibo has been a legal assistant with McCorriston Miller Mukai MacKinnon for the past fourteen (14) years.

25. Ms. Steiger's and Ms. Saguibo's billing rate for this case is $50.00 per hour.

26. The fees attributed to each timekeeper are based on experience, background, and expertise, and based on the practice of law in Honolulu, the hourly rates are reasonable and are the prevailing market rate for professionals of similar experience and background.

27. The total attorneys' fees that HCTF has incurred in this lawsuit as of March 1, 2006, are $8,644.50 plus general excise tax of $359.61. The total costs that HCTF incurred in this lawsuit as of March 1, 2006, are $563.80. Attached hereto as Exhibit "5" is a true, correct, and accurate accounting of attorneys' fees and costs attributable to the prosecution of the above-entitled matter.

28. This Declaration is executed in accordance with Rule 55 of the Federal Rules of Civil Procedure, for the purpose of enabling Plaintiff to obtain default judgment against Defendant Dynamic Interiors, Inc. for failure to answer or otherwise defend against Plaintiff's Complaint.

I, David J. Minkin, declare under penalty of law that the foregoing is true and correct.

Dated:   Honolulu, Hawaii, March 1, 2006.

/s/ David J. Minkin
DAVID J. MINKIN