IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **HAWAII CARPENTERS TRUST FUNDS**, (*Health & Welfare Fund*) by its trustees Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Daniel Tom, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Melvin Fujii, Clifford Resacio, Russssell Young and Keith Hirota; *Apprenticeship & Training Fund* by its trustees James Ramirez, Russell Ogata, Conrad Murashige, Robert Donle, Angela Chinen, Dante Agra, Ron Taketa, Sidney Shimokawa, Dean Takahashi and Russell Hiranaka; *Vacation & Holiday Fund* by its trustees James Watanabe, James Ramirez, Gerard Sakamoto, Paul Sasaki, Jiggs Tamashiro, Mark Erwin, Michael Spain, Jr., Rockwell Rogers, Jr., Curtis Kern, Patrick Borge, Sr. and Lloyd Kupau, Jr.; *Market Recovery Program* by its trustees Edmund Aczon, Thalia Choy, Steven Hidano, Claude Matsumoto, Gerard Sakamoto, Albert Belliveau, Michael Spain, Jr., Ronald Taketa, Glenn Young and Jason Orita; *Financial Security Fund* | CIVIL NO. CV02-00425 DAE BMK<br><br>DECLARATION OF LEANNE KUNIHISA; EXHIBIT "A" |

135844.1

| | |
|---|---|
| by its trustees Kenneth Sakurai, Gordon L. Scruton, James Watanabe, Conrad Murashige, Lance Wilhelm, Brian Hedge, Rockwell Rogers, Jr., Bruce Soileau, Ronald Taketa, Tim McCormack, Kenneth Spence, Jack Reeves and Ralph Yackley), | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **DYNAMIC INTERIORS, INC.**, a Hawaii corporation, | ) ) ) |
| Defendant. | ) ) ) |

## DECLARATION OF LEANNE KUNIHISA

Leanne Kunihisa hereby declares as follows:

1.  She is a Contribution Accountant for Hawaii Benefit Administrators, Inc., which is the administrative office for Plaintiff Trustees of the Hawaii Carpenters Trust Funds ("HCTF"). In such capacity, she is responsible for administering, supervising and collecting the amounts due and owing to HCTF under the Collective Bargaining Agreement executed by Defendant Dynamic Interiors, Inc. ("Dynamic") on or about November 20, 1997 ("CBA"), and

referred to in Plaintiff's Motion for Entry of Default Judgment Against Defendant Dynamic Interiors, Inc., filed on March 1, 2006 ("HCTF's Motion").

2. She has personal knowledge of the matters hereinafter stated and does hereby make this declaration in support of HCTF's Motion.

3. In her capacity as Contribution Accountant, she has in her custody, control and possession, records of HCTF, which document the payment history and amounts due and owing under and in connection with the CBA in this case; such records were made by HCTF in the course of the regularly conducted activities of HCTF including keeping track of such payments and amounts due and owing under the CBA; such records were made at or near the times when the required payments under the CBA were received, and when such payments were not received; such records were also made at or near the time it was necessary to determine the amounts due and owing under the CBA for the purposes prosecuting this action and supporting HCTF's Motion;

4.  HCTF received Dynamic's payment of $2,881.60 on March 20, 2006.  However, Dynamic remains delinquent under the terms of said CBA in that it has failed to pay the amount owed to HCTF of $110,674.88, inclusive of liquidated damages, audit fees and interest with interest following judgment at a per annum rate of twelve percent (12%) based on the CBA until satisfaction of judgment and is reflected in the amortization table attached hereto as Exhibit "A."

5.  The records with regard to the CBA and payments in accordance therewith above described are kept by HCTF's officers in the ordinary course of business under their custody and control in the ordinary course of business show that the amounts due and owing under the CBA of $110,674.88 are as follows:

| | |
|---|---:|
| Contributions: | $35,565.84 |
| Liquidated Damages: | $74,258.06 |
| Interest (12%) | $460.98 |
| Audit Fees: | $390.00 |

6. The interest is based on the terms of the CBA and is at the rate of twelve percent (12%), calculated from the due date to the date of receipt of payment.

7. Our office's internal auditors have met with Dynamic on numerous occasions to clarify and determine the monies due and owing based on the CBA. Dynamic has always claimed that their payments have not been properly credited. HCTF denies these claims and further notes that it has conducted numerous audits and only Dynamic has maintained this claim even when presented with evidence to the contrary.

I, Leanne Kunihisa, declare under penalty of law that the foregoing is true and correct.

Dated:   Honolulu, Hawaii, April 10, 2006.

/s/ Leanne Kunihisa
LEANNE KUNIHISA